UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HUBERT BARNETT, JR., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-178 RM |
| ) | |
| STANLEY KNIGHT, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Hubert Barnett, a prisoner confined at the Wabash Valley Correctional Facility, submitted a complaint under 42 U.S.C. § 1983 alleging that Miami Correctional Facility officials violated his federally protected rights. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Barnett alleges that on December 27, 2002,[1] Correctional Officer Phillips, his shift supervisor, ordered him to rinse out barrels containing harmful chemical residues. Mr. Barnett asked Officer Phillips for gloves and other equipment to protect his skin and eyes from contact with the chemicals. Officer Phillips gave him inadequate cloth gloves that allowed the chemical to burn his

---

[1] In his complaint, Mr. Barnett says these events occurred on December 27th, without stating a year. (Complaint at p. 4). Mr. Bennett's request for health care for this incident, which is attached to the complaint, is dated December 27, 2002.

skin. Mr. Barnett filled out a request for medical treatment, but he was not seen by a doctor or given any medical treatment for the chemical burn.

Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. Bell v. City of Milwaukee, 746 F.2d 1205, 1229 (7th Cir. 1984); Johnson v. City of Fort Lauderdale, 903 F.Supp. 1520 (S.D.Fla. 1995), *affirmed* 114 F.3d 1089 (11th Cir. 1997). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. Wilson v. Garcia, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." Doe v. Howe Military School, 227 F.3d 981, 987 (7th Cir. 2001); *see also* Snoderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001) (2-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

The clerk of this court received the complaint in this case on March 28, 2005. The "mailbox" rule established in Houston v. Lack, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the district court, applies to the initial filing of complaints with the court. Cooper v. Brookshire, 70 F.3d 377 (5th Cir. 1995). At the screening stage, this court normally accepts the

2

date a prisoner signs the complaint as the date he delivered it to prison officials for mailing. Mr. Barnett signed his complaint on March 8, 2005, so, for the purpose of this memorandum, the court treats any events occurring before March 8, 2003, as beyond the statute of limitations. The complaint establishes that the events Mr. Barnett complains of occurred before March 8, 2003, and are beyond the statute of limitations.

For the foregoing reasons, the court DISMISSES the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: June 14, 2005

                                      /s/ Robert L. Miller, Jr.
                                      Chief Judge
                                      United States District Court